## SMITH *against* CHAPMAN and others.

On a bill for foreclosure against the mortgagor, it is not necessary to make subsequent incumbrancers parties to the suit.

If a deed be attested, through mistake or fraud, by an incompetent witness, chancery will supply the defect.

This was a bill in chancery for a foreclosure. The bill set forth a mortgage deed, executed by *Timothy Chapman,* deceased, on the 10th of *March* 1798, to secure to the plaintiff a debt of 260 dollars. The subscribing witnesses to this deed were *Hezekiah Brainard,* who died long before the commencement of the present suit, and *Dolly Chapman,* at that time the wife of the mortgagor, and now one of the defendants. It was averred in the bill, and found by the court, that

she put her name to the deed as a witness, at the request of *Middlesex,* the mortgagor, and without the knowledge of the defendant, either through mistake, or with a fraudulent intent. After the execution of the mortgage to the plaintiff, and before the commencement of this suit, *Timothy Chapman* mortgaged the same premises to *Selden Huntington*, to indemnify him against certain responsibilities undertaken by him for the mortgagor. This mortgage, the condition of which had been broken, was still outstanding. The widow and heirs of *Timothy Chapman* were made parties to the bill; but *Huntington* was not cited in. The court established the first-mentioned mortgage deed, and passed a decree of foreclosure. The defendants moved for a new trial; and the case was reserved for the advice of all the Judges.

<div style="float:right">*Middlesex,* July, 1822.<br>Smith<br>*v.*<br>Chapman.</div>

*Hungerford*, in support of the motion, contended, 1. That chancery could not interfere to supply a defect, which, by the positive provisions of statute, was fatal, except where the defect occurred through a mistake of *fact*. Here the mistake was one in *law* only. It occurred, not from supposing that there were two subscribing witnesses to the deed, when in fact there was but one; but from supposing that both were competent, when in point of *law*, one of them was incompetent. Besides, the plaintiff seeks relief, not only against the heirs of the mortgagor, but against the widow, who has a dower estate. She has equal equity with the the plaintiff; and the law ought to take its course.

2. That *Selden Huntington* ought to have been made a party to the suit; as he had an interest, which might be affected, by the decree. *Coop. Eq. Plead.* 33.

*Stanley*, contra, was stopped by the Court.

Hosmer, Ch. J. The first question in this case, in its natural order, is, whether it was indispensible to the support of the plaintiff's bill, that *Selden Huntington* should have been made a party.

By the practice of chancery, formerly, a foreclosure was admitted against the defendants brought before the court, notwithstanding there were intervening incumbrancers; (*Draper* & al. v. *Jennings* & al. 2 *Vernon* 518.) after which it was established as a test on this subject, that all persons must be made parties who are interested in taking the account. *Hobart* v. *Abbott*, 2 *P. Wms.* 643. *Fell* v. *Brown*, 2 *Br. Ch. Rep.* 276.

*Middlesex,*
*July,*
*1822.*

*Smith*
*v.*
*Chapman.*

In *Winchester* v. *Beaver,* 3 *Vesey* jun. 314. it was determined, on a bill of foreclosure, brought by the first mortgagee, against the mortgagor and second mortgagee, that an intervening judgment creditor must be made a party. And in *Haines &* al. v. *Beach &* al. 3 *Johns. Ch. Rep.* 459. the learned chancellor of the state of *New-York* decided, that all incumbrancers must be made parties, existing at the commencement of the suit, subsequent as well as prior in date to the plaintiff's mortgage. I think it would not be difficult to show, that the last determination goes beyond the cases on which reliance is had for the decision ; but the attempt I waive, as being unnecessary. Whatever are the determinations in *Westminster-Hall,* or in the neighbouring state of *New-York,* in this state, the course of practice has been uniform. Where a complete decree can be made, without impairing the rights of others, who are not parties, it is permitted to be done ; and a foreclosure, without a sale of the property, unquestionably has this effect only. I have glanced at the determinations abroad, merely to show, that they were not passed by, without consideration. From the practice here adopted, no inconvenience is understood ever to have resulted. The foreclosure of the mortgagor settles the question as to him ; and leaves every enquiry open to others, who are incumbrancers on the mortgaged premises.

The bill of foreclosure sets forth a mistake or fraud, in the witnessing of the deed of mortgage, by *Dolly Chapman,* the wife of the mortgagor ; and that this is a subject of relief, so far as relates to the defendants, admits not of a question. The point is too clear, to require a reference to the cases, decisive of this point. I will barely cite *Wilkie* v. *Holmes,* 1 *Scho. & Lef. Rep.* 60. n.—S. C. 1 *Dick.* 165. and *Wade* v. *Paget,* 1 *Br. Ch. Rep.* 368. in which this principle is settled ; that where a power, to be executed in writing, in the presence of a specified number of witnesses, is witnessed by a smaller number, the defective execution may be supplied. The principal case is aided by numerous determinations authorizing the interposition of the court for the correction of mistake or fraud ; within which it undoubtedly is embraced. See particularly the late case of *Wadsworth* v. *Windell & al.* 5 *Johns. Ch. Rep.* 224.

The other Judges were of the same opinion.

New trial not to be granted.