## LAWRENCE *v.* LAWRENCE.

On proof of the loss of a mortgage deed of land, made by the defendants, to secure the maintenance of the mortgagee and his wife, a court of equity will decree a new mortgage to be made, and will award costs against the defendants, where the existence of such a mortgage is denied by the answer.

*Wheeler & Faulkner,* for the plaintiffs.

*Cushing,* for the defendants.

BELLOWS, J. This is a bill in equity, and the material allegations are, that on the twenty-fifth day of February, 1852, an agreement was made by the complainant, William Lawrence, with his son, Joseph E. Lawrence, one of

the defendants, by which said William was to convey his homestead farm to the said Joseph, who, in consideration thereof, was to maintain his father and mother during their lives, and secure such maintenance by a mortgage of the same farm ; that such conveyance and mortgage were accordingly made and executed on the same day, and the said Joseph thereupon entered upon said farm, and has ever since had possession thereof; that the said mortgage deed, although duly delivered, has since been lost, without ever having been recorded, and that the said Joseph is committing waste upon said farm, by stripping off the timber, and otherwise greatly impairing the plaintiffs' security; that at various times, and particularly on the 27th day of November, 1857, the complainants requested the said Joseph and Harriet to execute and deliver, for the benefit of the said William, a mortgage deed like the one lost as aforesaid, and to give further security, equal in value to that destroyed by the waste committed by the said Joseph, which the said Joseph and Harriet refused to do, and denied that any such mortgage had ever been given.

The plaintiffs pray that the defendants may be decreed to execute and deliver such mortgage, and come to an account of the profits received by said Joseph from the timber and wood taken from said farm, and to furnish to the complainants further security equal in value to such profits, and that they may be restrained by injunction from committing further waste, and from mortgaging or alienating said farm, and also for general relief.

The answers admit the conveyance and the agreement to maintain the father and mother, but deny any agreement to mortgage back the farm, insisting that the personal security of the said Joseph by bond alone was to be given, and that, as the defendants understand and believe, a bond was accordingly executed, but no mortgage; that the obligation to maintain the father and mother still

exists, and that the instrument which they understand to be a bond, is still in full force; that they have no knowledge of the loss of the instrument executed by them, and put the plaintiffs to proof thereof; and they admit the request for a new mortgage and the further security, and their refusal, as stated in the bill. It also appears from the answers, and is stated in the bill, that some months after the conveyance, the original deed to the son, which was with warranty, was given back without having been recorded, and a quitclaim deed of the same date substituted, to avoid the covenants of warranty.

Upon a careful examination of the proofs, we are brought to the conclusion that the allegations in the bill are sustained, and that a mortgage was given in accordance with the agreement of the parties, and that it has since been lost, and the question is, whether a court of equity has power to compel the execution of a new mortgage.

It will be perceived that the defendants deny the existence of the mortgage altogether, and claim the right to deal with the farm accordingly; but the court, having found that such mortgage was given, and is now lost, we clearly have a case where the interposition of a court of equity, in some form, is rightfully called for; and the only question is, can such interposition take the form of a decree for the execution of a new mortgage.

In the cases of the destruction or withholding by the grantor of a deed of land which has been duly delivered, or a mistake in the description of the land, or the mode of execution, and in the case of a contract to convey real estate, there is no doubt of the power of a court of equity to decree a proper conveyance. *Warren* v. *Swett*, 31 N. H. 332; *Busby* v. *Littlefield*, 33 N. H. 76; *Doe* v. *Doe*, 37 N. H. 269; *Smith* v. *Chapman*, 4 Conn. 344; *Sumner* v. *Rhoades*, 14 Conn. 135; *Tilton* v. *Tilton*, 9 N. H. 385; *Buffum* v. *Buffum*, 11 N. H. 451. And we see no ground for any distinction

between these cases and the one before us, which is a case of accident, like some of those referred to. Indeed, the loss of deeds and other instruments is a familiar ground of equitable relief. 1 Mad. Ch. 24; 1 Story's Eq., sec. 84, and notes; 1 Fonbl. Eq., B. 1, ch. 1, sec. 3.

It is true that a court of equity will not, in all cases of a lost deed, decree the execution of a new one; but if such loss exposes the grantee to undue perils in the future assertion of his rights, such a decree is eminently proper, and, as we think, accords with the principles which govern this court in similar cases. In 1 Mad. Ch. 24, it is laid down as elementary, that when an instrument " on which a title is founded is lost, a court of equity will interfere to supply the defect occasioned by such accident. Such a decree is expressly recognized in *Stokoe* v. *Robson*, 19 Ves. 385, before reported in 3 Ves. & Bca. 54, and in 1 Dan. Ch. Pr. 611; 2 Dan. Ch. Pr. 716; *Shelmardine* v. *Harrop*, 6 Mad. 40; 1 Story's Eq., sec. 84, and notes.

In the case before us, inasmuch as the mortgage was not recorded, and the possession is not in the complainants, they are exposed to the total loss of their security by a sale by the respondents without notice; and as the only adequate relief, we are disposed to require a new mortgage, in substance like the lost one, as alleged in the bill and shown by the proofs, to be executed and delivered to the complainants; and also that the respondents be restrained by injunction from the commission of waste upon the farm in question.

It is suggested that the exchange of deeds, on the 22d day of April, 1852, would operate to discharge the mortgage; but it is very clear that such could not have been the intention, and we see no reason for giving it such effect; and the mortgage now to be made should be guarded on that point.

. In regard to the prayer that the respondents be required to come to an account of the profits derived from the

Lawrence *v.* Lawrence.

timber and wood received from the farm, we are of the opinion that there is no case made for such a decree.

It is by no means clear that the assent of the mortgagee, to the cutting of the timber might not be found upon the proofs; but however this may be, it is not shown that the farm is not ample security for the complainants' support, and, under the circumstances, we are not disposed to require such accounting.

In the case of a deed lost by the grantee, without fraud on the part of the grantor, and the frank admission in the answer to a bill in equity of the existence of such a deed, it would not be equitable that the grantor should be burdened with the costs.

But where, as in this case, the existence of the deed is denied, and the complainant is subjected to the expenses of proof, we think he should be entitled to recover his costs.

Let a decree be entered according to these views.