WILLIAM TICHENOR, acting executor &c.

*v.*

EMELINE TICHENOR et al.

A testator gave to his wife an annuity of $200, payable from the income of his personal estate, and provided that, after her death, his executors should sell all his estate, real and personal, and pay a legacy of $1,000 to a charitable institution, and that they, after payment of his debts, funeral expenses, the expenses of settling his estate, "and the above-mentioned legacies," should divide the residue of his estate among his nine nieces. When the will was made, he held two bonds and mortgages for about $8,000, which were foreclosed in his lifetime, and the premises bought in and held by him at the time of his death. His personal property is insufficient to yield an income of $200 a year, although it was ample for that purpose when the will was made.— *Held,* that the annuity was included in the "legacies," and charged upon the land, and that the failure of the fund from which it was made payable by the will would not avoid it, and that it was a demonstrative legacy.

Bill for construction of will. ·

*Messrs. Blake & Freeman,* for complainant.

*Messrs. Whitehead & Condit,* for Emeline Tichenor.

THE CHANCELLOR.

Thomas S. Tichenor, deceased, by his will, after ordering that his debts and funeral expenses be paid, gave to his wife, Emeline, the use, improvement and income of his dwelling-house and its

NOTE.—The leading case cited by the chancellor, *Savile* v. *Blacket, 1 P. Wms. 778,* was referred to approvingly by *Rossell, J.,* in *Perrine* v. *Perrine, 1 Hal. \*169,* and the rule therein mentioned that a demonstrative legacy shall be paid, although the fund from which it had been declared payable had failed, appears to be well settled. *Ashburner* v. *Maguire, 2 White & Tud. L. C. (4th Am. ed.) 611, 633, 649, 655 ; Paget* v. *Henish, 1 Hem. & M. 663 ; Robinson* v. *Addison, 2 Beav. 515 ; Baker* v. *Baker, 6 H. of L. Cas. 616 ; Mason* v. *Robinson, L. R. (3 Ch. Div.) 411; Illsley* v. *Randall, 50 L. T. (N. S.) 717 ; Jones* v. *Southall, 32 Beav. 31; Clark* v. *Browne, 2 Sm. & Giff. 524,* [disapproved in *Harrison* v. *Jackson, L. R. (7 Ch. Div.) 339*] ; *Morgan* v. *Thomas, L. R. (6 Ch. Div.) 176; Walton* v. *Walton, 7 Johns. Ch. 258, 11 Am. Dec. 456 ;*

Tichenor v. Tichenor.

appurtenances, and the freehold connected therewith, together with the sum of $200 per annum from the income of his personal estate, to be paid to her annually by his executors during the term of her natural life. He then devised two parcels of real estate to a nephew and a niece, and then gave two pieces of furniture to two nieces, and then ordered that, after the death of his wife, his executors should sell and dispose of all of his property, both real and personal, and convert it into ready money as soon as to them should seem advisable. He then gave to the Orange Orphans Society the sum of $1,000, to be paid by his executors in one year after the death of his wife; and then gave all the rest and residue of his estate, after payment of his just debts, funeral expenses, the expenses of settling his estate, and the thereinabove-mentioned "legacies," to be equally divided among his nine nieces. At the time of making the will, he held two bonds and mortgages. The mortgages were in his lifetime foreclosed, and the mortgaged premises were sold under the foreclosure proceedings, and were bought in by the testator himself. The decree was for $8,703.42, and the property was bought in at $1,000. The testator died seized of that property. The personal property was inventoried at $1,645.50. It is insufficient to produce $200 a year income, but, at the date of the will, the testator's personal property was ample for that purpose.

The widow claims that the annuity is charged upon the real estate; or, if not so charged, that the land bought in at the foreclosure sale should be regarded as personal property, and there-

*Chase* v. *Lockerman*, 11 Gill & Johns. 185 ; *Walls* v. *Stewart*, 16 Pa. St. 275 ; *Cascaden's Estate*, 8 Phila. 582 ; *Maybury* v. *Grady*, 67 Ala. 147 ; *Florence* v. *Sands*, 4 Redf. 206 ; *Wallace* v. *Wallace*, 23 N. H. 149 ; *Biddle* v. *Carraway*, 6 Jones Eq. 95 ; *Kunkel* v. *Macgill*, 56 Md. 120 ; *Johnson* v. *Goss*, 128 Mass. 433, 134 Mass. 543 ; *Welch's Appeal*, 28 Pa. St. 363 ; *Scaife* v. *Thomson*, 15 S. C. 337; *Shupp* v. *Gaylord*, 103 Pa. St. 319 ; *Harper* v. *Bibb*, 47 Ala. 547 ; *Tipton* v. *Tipton*, 1 Coldw. 252 ; see, however, *Bushnell* v. *Drinker*, 5 Redf. 581 ; *Delaney* v. *Van Aulen*, 84 N. Y. 16 ; *Tennille* v. *Phelps*, 49 Ga. 532 ; *Dryden* v. *Owings*, 49 Md. 356 ; *Abernethy* v. *Catlin*, 2 Dem. 341 ; *Hill* v. *Toms*, 87 N. C. 492 ; *Smith's Appeal*, 103 Pa. St. 559 ; *Gilmer* v. *Gilmer*, 42 Ala. 9 ; *Gilbreath* v. *Winter*, 10 Ohio 64; *Malone* v. *Mooring*, 40 Miss. 247 ; *Oliver* v. *Oliver*, L R. (11 Eq.) 506.—REP.

fore should be held to be subject to the annuity.  The personal
estate is the primary fund for the payment of legacies, and the
real estate is not chargeable therewith unless the testator so in-
tended.  Such intention must be expressed or be fairly infer-
able from the language and dispositions of the will.  Where
legacies are given generally and the *residue* of the real and per-
sonal estate is afterwards given in one mass, the legacies are a
charge upon the residuary real estate as well as upon the personal
estate.  *Hawk. Wills 295; Corwine v. Corwine, 9 C. E. Gr. 579.*
In this case the testator expressly provides, in the residuary
clause, for the payment of " legacies," and the gift of the residue
is expressly subject to the payment thereof.  The $200 annuity
is included in the term " legacies ; " for without it there was but
one legacy to be paid, the legacy to the orphan society, and the
testator would have said " legacy " and not " legacies."  The term
" legacies " *prima facie* comprehends annuities.  *Hawk. Wills
298.*  The annuity is therefore charged upon the residuary real
estate as well as upon the personal estate.  It is urged, however,
that the fact that the annuity is expressly made payable out of
the income of the personal estate forbids this conclusion.  But
the conclusion is irresistible from the testator's own language,
which is undoubtedly indicative of an intention to charge the
annuity upon the residuary real estate.  Again, the annuity is a
demonstrative legacy.  If, said Lord Macclesfield in *Savile* v.
*Blacket, 1 P. Wms. 779,* a legacy be given to be paid out of a par-
ticular debt, and there should not appear to be any such debt, or the
fund fail, still the legacy ought to be paid, and the failing of the
*modus* appointed for payment should not defeat the legacy itself.
Where a testator devised real estate for sale for payment of his
debts and legacies, in exoneration of his personal estate, and gave
legacies payable out of the proceeds, it was held that the legacies
were demonstrative, and that they were a charge upon the general
personal estate as well as on that land.  *Colvile* v. *Middleton, 3
Beav. 570.*  In *Mann* v. *Copland, 2 Madd. 221,* there was a
gift by will of an annuity of £10 for life, to be paid out of the
rents of an estate, his interest in which the testator had given up
to his brother, but he had requested his brother to cancel the

Tichenor v. Tichenor.

deeds of such release. The will provided that if those deeds. should not be canceled, the sum of £200 should be secured from the sum of £2,000 navy five per cents in trust for the annuitant for life. It did not appear whether the deeds had been canceled or not. The testator had no navy five per cents. It was held that there was a positive intent to give the annuity, and that although the mode by which the payment was to be secured had failed, yet the annuitant was entitled to have it made good; that is, it was held that the annuity was a demonstrative legacy.

In *Fowler* v. *Willoughby, 2 Sim. & Stu. 354,* it was held that a pecuniary legacy, which the will directed should be paid by the sale of an estate which the testator had contracted to purchase, was a demonstrative legacy and payable out of the testator's general assets if the contract could not be completed. The character of the legacy in such a case as this depends upon the decision of the question whether the testator intended that the legatee should have the legacy even though the fund designated for the payment thereof should fail. If he did, it is general. If he did not, it is specific. The provision for the payment of the legacy in the residuary clause in this case shows conclusively that the testator intended that the widow should have the annuity even though the designated fund should fail. The annuity is chargeable, to the extent to which the personal estate is insufficient to raise it, upon the residuary real estate. This conclusion renders it unnecessary to consider the other question, whether the mortgaged premises bought in at the foreclosure sale should not, under the circumstances, for the purpose of raising the annuity, be regarded as personal property.*

---

* Note.—A testator's acquisition of the equity of redemption revokes a prior bequest of a mortgage on the premises. *Strode* v. *Lady Falkland, 2 Vern. 621, 625; Sidebotham* v. *Watson, 11 Hare 170; Gardner* v. *Hatton, 6 Sim. 93; Phillips* v. *Turner, 17 Beav. 194; In re Bridle, L. R. (4 C. P. D.) 336; Swift* v. *Edson, 5 Conn. 531; Ballard* v. *Carter, 5 Pick. 112; Brigham* v. *Winchester, 1 Metc. (Mass.) 390; Southem* v. *Mendum, 5 N. H. 420, 430; Gardner* v. *Printup, 2 Barb. 83; Beck* v. *McGillis, 9 Barb. 56; Abernethy* v. *Catlin, 2 Dem. 341;* see *LeGrice* v. *Finch, 3 Meriv. 49.* But not if he gives the mortgage or his interest in the premises. *Van Wagenen* v. *Brown, 2 Dutch. 196; Baldwin* v. *Baldwin, 3 Hal. Ch. 211;* but see *Yardley* v. *Holland, L. R. (20 Eq.) 428.*—Rep.