[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT NEIMAN'S OBJECTION TO WITHDRAWAL AND PROPOSED LAW DAYS
This is an action for foreclosure of a mortgage by the plaintiff, Travelers Insurance Company (Travelers), on certain commercial office property owned by the defendant, Wyllys Square Associates Limited Partnership (Wyllys), located in Hartford.
The defendant, Yale Neiman M.D., is a tenant for years pursuant to a lease with Wyllys entered into on October 13, 1983. This lease was renewed on March 28, 1989 pursuant to an option in that lease for a term from April 1, 1989 until March 31, 1994.
Wyllys mortgaged the property to the plaintiff on December 16, 1983. Neiman acknowledged that mortgage by executing a tenant estoppel agreement and a subordination, non-disturbance and attornment agreement on December 5, 1983. (See plaintiff's amended memorandum of Dec. 10, 1991 exs. B C).
These documents provided that Neiman would recognize Travelers as his landlord under the terms of the lease in the event of a foreclosure. The subordination agreement provided that all subsequent leases would be subordinate to the mortgage, but that Travelers could subordinate its mortgage to such lease and the lease would not be extinguished by foreclosure. (Pltf's CT Page 535 Brief, Ex. A, Art. II, par. 2.3). It also provided that Neiman would attorn to the mortgage in the event of a strict foreclosure. (par. 2.2).
Because Neiman was a lienholder subsequent to the plaintiff, he asked for and was granted defendant status in this case.
Travelers, however, subsequently exercised its right of subordination and has filed a withdrawal of action against Neiman. Neiman objects to such filing, claiming an absolute right to his standing as a party defendant and claims entitlement to a law day and the right of redemption.
Neiman asserts that by virtue of his second or subsequent lease he has not agreed to the plaintiff's subordination rights or claim of attornment. He further claims that because he is therefore a subsequent encumbrancer to the plaintiff, he is entitled to party status because his lease would be extinguished by foreclosure and he is thus entitled to a law date. As authority he cites Beach v. Beach Hotel Corporation, 113 Conn. 716,720 (1931), and Hartford Realization Co. v. Travelers Insurance Co., 117 Conn. 218, 224 (1933).
Issues
The questions before this court, therefore, are:
I — In a foreclosure action, does a tenant who is a lienholder subsequent to a mortgage held by the foreclosing plaintiff, have an absolute right to party status and thus entitlement to a law, day?
II — Is this tenant (Neiman) bound by his knowledge of plaintiff's mortgage and his execution of estoppel, subordination and attornment agreements as they may apply to a lease signed pursuant to an option in the first lease?
Law and Conclusion
I. As a general rule, a plaintiff may withdraw any action as of right before the commencement of a hearing on the merits thereof; General Statutes 52-80; and does not need the permission of the court for cause shown if a hearing on an issue of fact has not commenced. Barra v. Ridgefield Card 
Gift Gallery, Ltd., 194 Conn. 400, 404 (1084), Matey v. City of Waterbury, et al, 24 Conn. App. 93, 96, 97 (1991).
This rule, however, is subject to the rights of parties deemed "indispensable" to the controversy in question to be (and CT Page 536 in fact remain) parties to the litigation.
Our Supreme Court has distinguished "indispensable" parties from "necessary" parties. Necessary parties are those described as having an interest in the litigation and who should be parties in order that the court may decide on that rule which requires it to decide on and finally determine the entire controversy and do complete justice by adjusting all the rights involved. This is a matter largely for the discretion of the trial court. Sec Sturman v. Socha, 191 Conn. 1, 6 (1983).
It is different, however, when parties have an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience. Sturman, id., 6. In other words, a party is indispensable to an action when that suit cannot be disposed of properly on its merits in the absence of that party. Gaudio v. Gaudio, 23 Conn. App. 287, 305 (1990). If the foreclosure decree would affect the title to the property, any party interested in the title or who will be directly affected by any judgment should properly be a party to the action. Graham v. Zimmerman, 181 Conn. 367, 373 (1980).
In a foreclosure action, this latter rule of law is embodied in General Statutes 49-22 which provides that ". . . no execution shall issue against any person in possession who is not a party to the action . . . ." It is, of course, a restatement of what has been the law of this state since at least 1822. See Smith v. Chapman, 4 Conn. 344, 346 (1822).
It would follow, therefore, that any encumbrancer who is not a party to the foreclosure action would not be affected by the judgment. Bridgeport v. Eldridge, 28 Conn. 556 (1859). See also matter of Comcoach Corp., 19 Bank. Rep. 231, 235 (1982).
To adopt Neiman's point of view, it should be the tenant's option and not the foreclosing mortgagee's to decide whether or not the lease should be extinguished. In the opinion of this court it would almost never be the intention of the owner, the lending institution, or the tenant to allow the fortuitous happening of the event of foreclosure to enable a tenant to extinguish a lease. Certainly, from an equitable point of view, the lending institution which made a loan, perhaps on the strength of long term leases with strong tenants, should not be deprived of the value of those leases because the owner of the property defaults on the mortgage. See Friedman on Leases, Vol. 1, p. 379 et seq. (2d ed. 1983).
For these reasons, and if Neiman is a non-party, he would CT Page 537 not be affected by the judgment. The court further finds that this tenant, as a subsequent encumbrancer to the plaintiff's mortgage, does not have the absolute right to party status. II. The thrust of Neiman's position as to his responsibilities and obligations under the terms of the mortgage, the estoppel agreement and the subordination and attornment agreement is that he is not bound by them because he is a tenant under a subsequent (new) lease and the agreements are therefore inapplicable.
As previously stated, Neiman claims the lack of privity with the plaintiff forces an extinguishment of his lease.
This court is of the opinion that Neiman is found to those agreements and to the terms of the mortgage for the following reasons:
a. The option given to Neiman under the original lease specifically requires that the renewed lease was "under the same terms and conditions" (Par. 37). The above agreements therefore applied to the renewed lease and subjected Neiman to their terms.
b. Par. 2. 3 of the mortgage (of which Neiman takes his lease with notice) specifically gives the plaintiff the right to make that lease superior to the mortgage. Art. II, par 2.3. (Plaintiff's brief Exhibit A).
To settle the question of privity and attornment, the subordination and attornment agreement require it. See plaintiff's brief, exhibit C, par. (b)2.[1]
It is therefore the opinion of this court that Neiman is bound by the provisions of both leases and the collateral waivers. Accordingly, the plaintiff's invocation of its right to subordinate its mortgage to the plaintiff's lease is valid and enforceable. As a prior encumbrancer, Neiman has no right to party status.
For the above reasons, Neiman's objections to the plaintiff's withdrawal of action against him and to the proposed order of law days omitting him is overruled.
FREED, J.