## NEW-YORK DRY DOCK COMPANY *vs.* THE AMERICAN LIFE INSURANCE AND TRUST COMPANY, &c.

Where a complainant has a perfect defence at law, to a suit commenced against him there, he is not entitled to the special interference of the court of chancery, by injunction, to restrain the proceedings at law previous to a decree in the suit instituted in chancery.

The mere neglect of the defendant, in the suit in chancery, to object to the jurisdiction of the court, will not entitle the complainant to a preliminary injunction to restrain the proceeedings at law; and thus make it the duty of the court of chancery to assume the exclusive jurisdiction of the subject matter of the suit.

But when a final decree is made in the suit in chancery, the court, by injunction, may restrain any proceedings at law which are inconsistent with the rights of the parties as established by such decree; and may insert a clause in the decree to that effect.

THE bill, in this case, was filed to set aside certain securities, which were illegal and void at law, as well as in equity, if the allegations in the complainant's bill were correct. After the filing of the bill here, the defendant instituted a suit at law upon the securities. And the complainant now applied for an injunction to restrain the proceedings in that suit; the defendants having answered the bill without insisting, as an objection to the jurisdiction of this court, that the complainant's remedy was perfect at law.

*G. Wood & S. Sherwood,* for the complainant.

*S. Stevens & J. Rhoades,* for the defendants.

The CHANCELLOR decided, that where the complainant had a perfect defence at law, to a suit instituted against him there, he was not entitled to the special interference of this court, by injunction, to restrain the proceeding there, previous to a decree in the suit instituted in this court. He said the mere neglect of the defendants here to object to the jurisdiction of the court, did not entitle the complainant to a preliminary injunction to restrain the proceeding at law; and thus to make it the duty of this court

to assume the exclusive jurisdiction of the subject matter of the suit; but that when a final decree should have been made here, the court, by injunction, might restrain any proceedings at law which were inconsistent with the rights of the parties as established by such decree, and that a clause to that effect might be inserted in the final decree.

Motion for injunction denied.