## ROGERS vs. CROSS.

1. EQUITY — INJUNCTION. — An injunction will not be granted to restrain a party from proceeding in an action at law unless it is made to appear that by reason of some mistake, fraud or accident, it is against conscience for him to prosecute it, and that against it a defense cannot well be made according to the rules which govern courts of law. It

will not be granted in a case where it is manifest from the bill that the complainant has a complete defense at law.

2. EVIDENCE.— The loss or destruction of a deed can be proven as well in a court of law as of equity.

3. ESTOPPEL.—Where S. took from N. a conveyance of premises by way of mortgage, which he assigned to a third party in good faith, who foreclosed it: *Held*, that S., his representatives and privies, are estopped both in equity and at law from setting up a prior and conflicting title in S. to defeat the mortgage so negotiated and foreclosed.

(3 Chand., 34.)

APPEAL from the Circuit Court for *Milwaukee* County.

*Rogers*, the appellant, filed his bill in the court below against *Cross*, respondent, and others, to whom he had sold the premises in question, and to whom he had executed deeds of warranty and seizin ; and setting forth that his grantor was well seized of the premises in question ; that appellant derived title to the lands in question by conveyances made to him ; but that a deed of a portion of the premises given to a former grantee had not been recorded ; that the grantor in such deed was dead, and that such deed could not be found ; but that the title was in the grantor or his assigns of whom he purchased and from whom the conveyance to him was made ; that Spence, said deceased grantor, conveyed such portion of said premises to one Norton ; that Norton executed to Spence a mortgage for the purchase money, and he assigned the same to one Ogden, who foreclosed it and purchased the premises at the sale, and Ogden's title so acquired had been conveyed to complainant.

That through the loss of this deed of conveyance to an intermediate grantee, a defect existed in the complainant's title to a fourth part of the premises. That complainant had given deeds with covenants of warranty of parts of said premises ; and that the defendant *Cross*, to whom complainant has given a deed for a portion of said premises, with a covenant of seizin, had brought a suit against complainant in the Milwaukee county court, on account of the apparent defect in complainant's title, which suit is subjecting complainant to trouble and expense ;

that on the execution of the deed by complainant to *Cross*, the latter executed to complainant a mortgage on the premises for the purchase money ; and that subsequently complainant foreclosed in chancery such mortgage, and complainant was the purchaser on the sale thereof, and now holds the same in fee ; that the complainant is exposed to a multiplicity of suits on account of such apparent defect in his title, and the expense arising thereon.

The bill prayed that the heirs at law of Spence, the complainant's grantor, might be perpetually enjoined from setting up any title to the premises, and that *Cross*, the respondent, be decreed to have no cause of action against appellant by reason of the supposed defect of title ; and that he be perpetually enjoined against prosecuting his suit at law ; and for further relief, and for an injunction restraining him accordingly. An injunction was allowed, and the respondent moved to dissolve the injunction, for various reasons, and the court below dissolved it, and from the order dissolving it the complainant appealed.

*Jas. S. Brown*, for appellant, contended that a court of equity had jurisdiction of the subject matter of the bill. 1. By reason of the loss of the deed which constituted a necessary link in appellant's defense to the suit at law. 1 Fonb. Eq., 18 ; 3 Brown Ch., 218 ; 1 Story Eq., §§ 101–103. 2. Because a large number of persons are interested in the subject of the deed, and equity will interfere to prevent a multiplicity of suits. 6 Paige, 83 ; 1 Johns. Ch., 166, 524 ; 2 id., 282. 3. Spence, having assigned the mortgage which was foreclosed in equity, is estopped from questioning the title of the appellant derived through the foreclosure sale. 6 Johns. Ch., 194 ; 2 Vesey, sen., 326 ; 11 Eng. C. L. Rep., 187 ; 9 B. & C., 577 ; 8 Wend., 483 ; 6 Pet., 438 ; and in all cases of equitable estoppel, courts of equity will take jurisdiction, particularly when a defense at law is doubtful or attended with difficulties. *Eyre v. Everett*, 2 Russ., 382 ; 7 Paige, 560 ; 6 id., 90, 102 ; 2 id., 284 ; 10 Johns., 587 ; 17 id., 386.

*H. S. Orton*, for appellee, argued that the complainant's bill was bad on demurrer for want of equity, and therefore no injunction should have been allowed. *Rose v. Rose*, 11 Paige, 196. That the appellant had a perfect defense at law to the suit sought to be enjoined, as was shown by the bill. *N. Y. Dry Dock Co. v. Am. Life Ins. & Trust Co.*, 11 Paige, 384. That a court of equity would not grant an injunction to protect a party against a multiplicity of suits until his title had been established in a suit at law in some one of the suits. *West v. Mayor*, 10 Paige, 539. That the appellant, if remediless at law, had become so by his own negligence. *Penny v. Martin*, 4 Johns. Ch., 566. That the bill did not show distinctly and explicitly the interest of the appellant in the premises.

HOWE, J. This cause comes before us upon appeal, not from a final decree, but from an interlocutory order made in the court below, simply dissolving a provisional injunction; and, although upon the argument here, the whole case made by complainant's bill was opened and discussed as if the issue was whether the court below had jurisdiction thereof, yet we have considered and determined the case solely upon the propriety of the dissolution of that injunction.

It was contended, however, that, if from the recitals in the bill it appeared to be necessary to appeal to the equitable jurisdiction of the circuit court at all and for any purpose, that court should take jurisdiction of the whole subject matter, cite in all persons in any manner related thereto, and furnish such relief against each as his particular connection with the case might seem to authorize.

Accordingly the bill makes three classes of defendants, each occupying a different attitude in reference to the claims of the complainant, and against each of whom a different species of relief is prayed for, as follows:

1st. The heirs of one James Spence, through whom the complainant claims title to the premises described in the bill,

are made defendants, and it is prayed that they may be perpetually enjoined from setting up any title, to those premises.

2d. Sundry persons to whom complainant has granted distinct and separate portions of the premises, some of whom, it is alleged, have threatened to commence suits upon the covenants in his deeds, are made defendants, but against them no specific relief seems to be demanded.

3d. The appellee, *Cross*, who is at once a grantee of the complainant of a portion of the same premises, and the plaintiff in a suit at law commenced against the appellant, upon the covenants in his deed, is a party, and as against him the prayer of the bill is, that he " be decreed to have no cause of action," and be perpetually enjoined from prosecuting his said suit at law.

To restrain the prosecution of that suit until the hearing of this, that special injunction issued against which the order was directed, from which this appeal is taken.

In effect, though not in precise terms, this court is asked to decree a nonsuit in a suit at law, and such a decree I think no court of chancery has ever pronounced. Courts of equity, when called upon to restrain proceedings at law, do not assume superiority over the court in which those proceedings are had, nor deny nor usurp its jurisdiction. But when it is made apparent to this court, not that the plaintiff in a suit at law " has no cause of action," but that he *has* a cause of action, a cause nevertheless, which by reason of some mistake, some accident or fraud, it is against conscience for him to prosecute, but against which a defense cannot well be made according to the rules of the common law which govern those courts, then this court will interfere, and laying its injunction not upon the judgment of that other court, but directly upon the conscience of the party prosecuting, will inhibit him from wresting the process of a court of law to purposes of injustice and oppression. 2 Story's Eq., § 875; Eden on Inj., ch. 2, p. 14; Mit. Eq. Pl., 128.

Rogers vs. Cross.

But the cause which is sought to be enjoined by the bill before us is of a very different character. The plaintiff in that suit has practised no fraud which he therein claims the advantage of; the defendant has made no mistake which has jeoparded his rights or endangered his defense, and the only accident complained of is the loss of the deed from Spence to Norton. Still it is no where asserted that the loss of that deed endangers the complainant's defense to the suit at law. For aught that appears to us, its loss might very well be supplied upon the trial by parol proof of its contents, under rules of evidence of every day's application in courts of law as well as in courts of equity.

I do not therefore discover any right of action in this respondent, which it is so inequitable and so manifestly against conscience for him to prosecute, as to warrant the exercise by a court of chancery of its most delicate and extraordinary prerogative, the writ of injunction.

To the argument of the complainant's counsel, that the loss of that deed destroyed a link in the chain of his title, the respondent might well reply that that loss did not happen through his default, that he was injured equally with complainant thereby, that if, by reason thereof, the complainant was unable to defend his covenant of seizin, *he* was equally unable to defend his own possession, or to convey with safety, and that if complainant would invoke the aid of chancery to supply that lost link, he should do so without cost or prejudice to this respondent.

But, waiving all consideration of the questions whether the circuit court could entertain the complainant's bill for any purpose, and whether, if so, this defendant might not be a proper party, I am still unable to perceive how the complainant was aggrieved by the particular order appealed from. If the statements of his bill are true, the dissolution of that injunction removed the only protection which the respondent had against a nonsuit in the case enjoined. For whether the complainant

could prove the execution of a deed from Spence to Norton or not, or whether in fact such a deed ever was executed or not, the fact did remain nevertheless, and could be readily proved upon the trial, that Spence had taken a conveyance *from* Norton by way of mortgage which in good faith he had assigned, and we are all of opinion that he and his representatives or privies are thereby as clearly estopped at law as in equity, from setting up a prior and conflicting title in himself to defeat the mortgage which he has negotiated, and which has been foreclosed. 10 Barn. & Cr., 181; 11 Paige, 384; 17 Johns., 161; 4 Peters, 83.

Order affirmed.