## AUSTIN FULLER *vs.* PLINY CADWELL & another.

A bill in equity to enjoin the prosecution of a suit at law is demurrable, if it shows upon its face that a complete defence exists to the suit.

A creditor who has received payment of his debt from his debtor cannot maintain a bill in equity to set aside, for irregularity, proceedings in insolvency which have been subsequently instituted against the debtor, and to enjoin the assignee from prosecuting a suit at law to recover back such payment as a preference, if he alleges therein that the payment to him was not an unlawful preference.

BILL IN EQUITY setting forth that on the 25th of January 1862 the plaintiff was a creditor of William B. Converse in the sum

of $3010, and on that day received payment of his debt from said Converse in full; that on the 12th of June following the defendant Cadwell, assuming to act in behalf of the John Hancock Bank of Springfield, presented to the judge of insolvency for the county of Hampden a petition in insolvency against Converse, praying for the issuing of a warrant against his estate on the ground that the above payment to the plaintiff was an unlawful preference; that upon said petition the judge of insolvency, after a hearing, issued his warrant, and the defendants were subsequently chosen assignees, and have since commenced an action against the plaintiff, in which they allege that said payment was an unlawful preference of the plaintiff over other creditors, and in fraud of the laws of this commonwealth, " all which said allegations of preference and fraud have no foundation in fact and in truth." The bill further set forth various alleged irregularities in the proceedings in insolvency, and prayed that the same might be set aside, and that the assignees might be restrained from the further prosecution of their suit.

The defendants filed a general demurrer.

*N. A. Leonard,* for the defendants. Converse should have been made a party to this bill. Story Eq. Pl. § 233. *Stevenson* v. *Austin,* 3 Met. 474. *Williams* v. *Russell,* 19 Pick. 162. The plaintiff is not a party aggrieved, within the meaning of Gen. Sts. *c.* 118, § 16. If he is, he is not entitled to equitable relief. His defence at law is complete. *Massachusetts Iron Co.* v. *Hooper,* 7 Cush. 183. *Thayer* v. *Smith,* 9 Met. 469. If his defence at law is not complete, it is because he obtained an unlawful preference. But if he obtained an unlawful preference, a court of equity will not aid him in retaining it. *Dehon* v. *Foster,* 4 Allen, 545. *Foster* v. *Goulding,* 9 Gray, 50. *Ex parte Jarman,* 4 Deac. & Chit. 393. *Ex parte Hudson,* 2 Russ. 456. *Cousins* v. *Smith,* 13 Ves. 542. 1 Story on Eq. § 298.

*E. D. Beach,* for the plaintiff. Converse was not a party to the suit at law, and need not be a party to this bill to restrain the further prosecution of that suit. The plaintiff has sufficient interest to entitle him to maintain this bill. *Merriam* v. *Sewall,* 8 Gray, 320. The demurrer admits the irregularity of the

proceedings in insolvency. The remedy at law is not complete. *Holmes* v. *Woodworth*, 6 Gray, 326. The court has jurisdiction in equity. Gen. Sts. *c.* 113, § 2; *c.* 118, § 16. *Merriam* v. *Sewall*, 8 Gray, 320. *Cheshire Iron Works* v. *Gay*, 3 Gray, 531. *Hanson* v. *Paige*, Ib. 242, and cases cited.

METCALF, J. This demurrer must be sustained and the bill dismissed. The plaintiff needs no injunction, and is entitled to none. The statements in the bill, which are admitted by the demurrer, show a perfect legal defence to the action of which he prays the court to restrain the prosecution. And nothing is alleged in the bill from which it appears that he cannot as well prove his defence, on the trial of that action, as he could on a hearing of this bill, if the defendants had filed an answer denying its allegations.

A court of equity does not issue an injunction to stay proceedings at law where the rights of a party can be fully sustained in a court of law. 3 Dan. Ch. Pr. 1840. Drewry on Injunctions, 10–12. 2 Story on Eq. §§ 882, 894. 3 Eq. Cas. Abr. 524. *Derbyshire, &c. Railway Co.* v. *Serrell*, 2 De Gex & Sm. 353. *Anderson* v. *Dowling*, 11 Irish Eq. Rep. 590. *New York Dry Dock Co.* v. *American Life Ins. & Trust Co.* 11 Paige, 384. *Morris Canal & Banking Co.* v. *Dennis*, 1 Beasley, (N. J.) 249. *Bill dismissed.*