## JOSIAH RABY v. R. K. REEVES.

### *Easement—Covenant Running with Land.*

1. Where, in the grant of an easement, a reservation is made by the grantor of a yearly sum to be paid him, it is a covenant, and the grantor may bring an action of debt for the non-payment of the sum so reserved. Such covenant runs with land to which it is appurtenant, and a subsequent purchaser of the land takes it subject to the burden of the easement, and is entitled to collect the compensation.

2. The grantee who accepts and acts under a deed granting an easement and reserving rental is bound by its covenants.

CIVIL ACTION to recover for use of right of way over plaintiff's land, tried at Spring Term, 1892, of MACON Superior Court, before *Hoke, J.,* on defendant's appeal from a Justice of the Peace.

Plaintiff offered in evidence a deed from Elijah Raby and wife to the defendant, dated 25th April, 1885, granting the right of way over lands to be utilized in the construction of a ditch for the transportation of water, and reserving a yearly rental of $20. He also offered in evidence a deed from Elijah Raby and wife to himself, dated June 11, 1887, conveying the land over which the right of way had been granted to the defendant. Witnesses testified that the water was conveyed over the land to a mine owned by defendant, who was in the habit of coming to the mine; knew the water was being brought over the land for the operation of the mine; had paid off employees hired by the operator; had witnessed the digging of the ditch and sent for tools, and otherwise concerned himself about the construction of the ditch, and had paid rent for the years 1886 and 1889.

Defendant offered no evidence, but requested the Court to charge as follows:

That the plaintiff has not proven title to any lands; that the action herein sued on is a personal contract with Elijah Raby, and there is no evidence that the same was ever transferred to the plaintiff; that there is no evidence that the defendant ever made the contract sued on; that there is no evidence that Bowie was an agent of the defendant; that there is no evidence that Burch was an agent of the defendant; that the deed was an absolute and perfect conveyance of the easement, and any amount to be afterwards paid is a part of the purchase-money of the same, and is payable to Elijah Raby, if to any one; that the twenty dollars set out in deed of Elijah Raby is not appurtenant to the land, and does not run with the same; that the deed of Elijah Raby to R. K. Reeves conveyed to him the right of way and twenty dollars per year spoken of in said deed, and there was nothing reserved in said deed by the said Elijah Raby.

The Court declined to charge the jury so, and the defendant excepted.

The Court charged the jury that the contract created a right appurtenant to the land, and the right to recover the rent passed to plaintiff on the execution of the deed conveying the land.  And that if the defendant entered into the contract as set up in the instrument from Elijah Raby and wife to R. K. Reeves, then he (Reeves) would be responsible to the plaintiff for the rent accrued to time this action brought and unpaid for time mine was operated after plaintiff purchased and paid last payment, to-wit, 1890 and 1891, and at rate of twenty dollars per annum, the contract rate.  That if defendant Reeves accepted, used and took advantage of the right of way, knowing that such a contract had been made in his name, this would be a ratifi-

cation of the contract, and he would be responsible for rents at the contract rate.

There was a verdict for the plaintiff for twenty dollars for amount for 1890 and 1891, with interest on each amount from maturity.

Defendant moved for a new trial for refusal to give his instructions, and for error specified in charge as given.

There was judgment on verdict for plaintiff. Appeal by defendant.

*Mr. J. F. Ray*, for plaintiff.
*Messrs. Jones & Daniel*, for defendant (appellant).

SHEPHERD, C. J.: It is laid down in Bacon's Abridgment(Vol. VIII, Letter 8, Title Rent) that, "as a general rule, no rent can issue out of an incorporeal inheritance which lies in grant, because they are such things in their nature as a man can never recur to for a distress." It is also stated by the same author that "if a lease by deed for years of an incorporeal inheritance be made—reserving rent—such reservation is good by way of contract to bind lessee, and for non-performance lessor may bring debt."

So, it seems, that in the present case, when the easement was granted, reserving twenty dollars per year, it was not rent, but a covenant, for the non-payment of which the grantor might have brought an action of debt.

Is this covenant a mere personal one, or does it run with the land? We think that the plaintiff grantee took the land subject to the easement, and if he interfered with its use the grantee of the easement would have an action against him. Being thus subject to the burden, he should, under the circumstances of this case, share the benefit and be entitled to collect the compensation.

As to the other point, his Honor very properly held that if the defendant accepted and acted under the deed he was bound by its covenants.   *Fort* v. *Allen*, 110 N. C., 183.

We also concur in the ruling that there was evidence tending to show such acceptance, etc.

Affirmed.