JOHN L. ROPER LUMBER COMPANY v. SAM HUDSON, E. T. BENDER et al.

(Filed 29 September, 1910.)

**1. Foreign Wills—Registration—Certificates—Sufficiency.**

In this case the record and certification by the Orphan's Court, of Baltimore, having jurisdiction to admit wills and testaments to probate, is sufficient under Revisal, 3135, and it will be admitted to probate and registration in this State, though the pages of the manuscript exemplified copy are not orderly arranged.

**2. Mortgagor and Mortgagee—Cancellation of Record—Estoppel.**

A mortgage deed passes the title to the lands mortgaged which is defeasible by the subsequent performance of the conditions of the mortgage, and the entry of satisfaction on the margin of the page of its registration, by the proper person, is conclusive of the fact of the discharge of the mortgage and its satisfaction as to strangers to the mortgage.

**3. Same—Estoppel by Deed—Heirs at Law—Evidence.**

In an action of trespass the plaintiff and defendant claimed title through one H., the plaintiff through mesne conveyances, and the defendants as widow, and son and heir at law. The plaintiff introduced a mortgage deed from one R. to said H. reciting that it was of a tract of land deeded by said H. to him, the mortgagor; and evidence that thereafter, for several years R. was in actual possession and then conveyed it to D., in plaintiff's chain of title, and a few days thereafter H. made an entry on the margin of the page whereon the mortgage was recorded reciting the cancellation of the mortgage by the mortgagor's giving a deed to said D., and that thereafter H. recognized the title

LUMBER COMPANY *v.* HUDSON.

of D. *Held*, evidence as tending to show that H. had sold and
conveyed the *locus in quo* to R., received a mortgage to secure
the purchase price, which he had cancelled on the margin of the
registration book upon satisfaction from the proceeds of the sale
by R. to D., the entry of satisfaction of record being conclusive
on defendants claiming as widow and heir-at-law of H.

APPEAL from *Peebles, J.,* at the Spring Term, 1910, of JONES.
The issues, with the responses of the jury, were as follows:

1. Is the plaintiff the owner of the lands described in the
complaint? Ans. Yes.

2. Did the defendant, E. T. Bender, trespass on said lands?
Ans. Yes.

3. What damages is plaintiff entitled to recover of the defend-
ant, E. T. Bender? Ans. $23.53½.

The defendant, Sam Hudson, died pending the action and be-
fore trial, and his widow and son, his only heir-at-law, were
made parties. It was admitted that the trespasses charged
against Bender were committed by him as agent of Sam Hud-
son. In deraigning title, the plaintiff offered a paper purport-
ing to be the last will and testament of W. T. Dixon, who died
domiciled in Baltimore, Md., where his will was admitted to pro-
bate by the decree of the Orphan's Court of that city; it was
attested by three witnesses, and the proof of its execution was
taken by the register of wills of that court, in a form substan-
tially similar to the method prescribed by the statutes of this
State. An exemplied copy of the will and probate was offered
for probate in Jones County, but it was improperly done. The
will was probated in Baltimore on 25 August, 1904, and filed in
the clerk's office of Jones County 18 November, 1908. When
this will, as recorded in Book of Wills of Jones County, was
offered in evidence, upon objection by defendants, his Honor per-
mitted the clerk *nunc pro.tunc* to order its probate in proper
form, and it was received over defendant's objection. The plain-
tiff also offered a mortgage deed duly recorded in Jones County,
dated 4 October, 1883, by Randolf Harris and wife to Samuel
Hudson, conveying the land in controversy to secure an indebted-
ness evidenced by notes aggregating seven hundred dollars. After

describing the land, the mortgage contained this language: "It being all of the Thomas Hall tract of land deeded to me in a deed made to me this day by S. Hudson." The plaintiff proved and offered the following writing on the margin of the book of registration of the mortgage: "This mortgage is discharged by the mortgagor giving a deed to W. T. Dixon & Bro., the present owners of the mortgage and notes described therein. 6 May, 1889. Samuel Hudson. Witness, J. A. Smith, Reg."

The deed from Randolf Harris to W. T. Dixon & Bro. was offered in evidence, dated 19 April, 1889, and was registered on 21 May, 1889. The plaintiff offered declarations of Samuel Hudson, tending to show a recognition of Dixon's title, which were admitted over defendant's objection. No deed from Samuel Hudson was offered in evidence. The defendants offered evidence of deeds antedating any of the deeds offered by plaintiff, placing the title in Samuel Hudson, the last one dated 19 March, 1871. The plaintiff offered evidence tending to show possession by Harris from the date of his purchase to his sale to Dixon, and then by tenants of Dixon to his death, and by other mesne holders of the title to the plaintiff and its possession up to the bringing of this action. The acts constituting the alleged trespass were admitted. The defendant offered evidence to show that Hudson was indebted to Dixon and transferred notes sufficient to secure his indebtedness, and that the indebtedness was paid by the proceeds of the sale of lumber cut from the land. The evidence was excluded, and defendants excepted.. Judgment was rendered upon the verdict for plaintiff, but the right of dower of the widow of Samuel Hudson was preserved. The defendants excepted and appealed.

*Moore & Dunn* and *Loftin, Varser & Dawson* for plaintiff.
*Simmons, Ward & Allen, Thos. D. Warren* and *P. M. Pearsall* for defendant.

MANNING, J., after stating the case. One of the exceptions seriously argued before us was to the admission in evidence of the will of W. T. Dixon. We have carefully examined the record and certification of its probate in the Orphan's Court of Baltimore, the court having jurisdiction to admit wills and test-

aments to probate, and though the pages of the manuscript exemplified copy are not orderly arranged, yet an examination discloses every fact required by sec. 3133, Revisal, to entitle the will to be admitted to probate and record in this State. *Roscoe v. Lumber Co.*, 124 N. C., 42. The older decisions, as *Drake v. Merrill*, 47 N. C., 368, do not apply, for the reason that the statutes are not the same. The will was executed according to the laws of this State, and the probate substantially made according to our form, and that fact appears in the certified probate or exemplification of the will. We cannot sustain this exception. The plaintiff, admitting the title to have been in Samuel Hudson and producing no deed from him, offered evidence which it contends amounts to an estoppel upon his heirs-at-law and his agent, who claim title under Samuel Hudson. The other defendant is the widow of Hudson, who claims no title to the fee in the land, but who is entitled to her dower therein. The question presented by these exceptions is, do the facts proven, taken together or singly, amount to an estoppel. These facts are that Samuel Hudson took a mortgage from Randolf Harris, in which was the recital: "It being all of the Thomas Hall tract of land deeded to me in a deed made to me this day by S. Hudson;" and that thereafter, for several years, said Harris was in the actual possession of said land; that he conveyed the land to Dixon for the consideration of $700, on 19 April, 1889, and in a few days thereafter—on 6 May, 1889—the said Samuel Hudson made the following entry on the record of the registration of the mortgage: "This mortgage is discharged by the mortgagor giving a deed to W. T. Dixon & Bro. the present owners of the mortgage and notes described therein;" and after that time the evidence tended to show that Hudson recognized the title to be in Dixon. The mortgage by Harris to Hudson was a conveyance to him of the legal title. "In some of the States a mortgage is held by statutory regulation or judicial construction to be simply a lien, leaving the legal estate in the mortgagor. In North Carolina and many other States, the common law prevails, and the mortgage deed passes the legal title at once, defeasible by subsequent performance of its conditions." *Hinson v. Smith*, 118 N. C., 503; *Williams v. Teachey*, 85 N. C., 402; *Modlin v. Ins. Co.*, 151

N. C., 35, and cases cited. And this is true notwithstanding the statute has prescribed simple methods of acknowledgment of satisfaction which restores the legal title in the mortgagor, other than by deeds of defeasance. In *Smith v. Fuller,* 152 N. C., 9, it is held by this Court that the entry of satisfaction on the margin of its registration, by the proper person, is conclusive of the fact of the discharge of the mortgage and its satisfaction as to strangers to the mortgage. In *Fort v. Allen,* 110 N. C., 183, this Court, in discussing estoppels by recitals in deeds, quotes with approval the following language of *Henderson, C. J.,* in *Brinegar v. Chaffin,* 14 N. C., 108 : "Recitals in a deed are estoppels when they are the essence of the contract; that is, where, unless the facts recited exist, the contract, it is presumed, would not have been made." It is inconceivable, unless it were true, that Hudson would have accepted a deed from Harris for land claimed by him, Hudson, containing a recital that he, Hudson, had conveyed the same land on the same day to Harris, and accepted it as security for $700—evidently the whole or a part of the purchase price. It is evident that the conveyance from Hudson to Harris was the basis of the contract, and without such a conveyance, it is fair to assume the mortgage deed would not have been made. "Such, we think, is the necessary inference to be drawn from the recital in the deed." This inference is made conclusive by the fair interpretation of the entry of satisfaction of the mortgage deed. From that, it is evident that Hudson had previously assigned the notes secured by the mortgage to Dixon, and recognized the discharge of those notes and the satisfaction of the condition of the mortgage by the deed of conveyance from Harris to Dixon. Harris settled the notes by making a deed to the land, and Hudson was satisfied. *Raby v. Reeves,* 112 N. C., 688, 2 Herman on Estoppel and Res Adjudicata, secs. 636, 917. In 2 Herman on Estoppel, sec. 926, the principle is thus stated: "Where a person takes from another a mortgage of lands, the record title, which is in himself at the time such mortgage is executed, and in good faith assigns such mortgage, and it is foreclosed, neither such mortgagee nor his representatives or privies can set up such prior title in him to defeat the mortgage." *Rogers v. Cross,* 3 Chand., 34; *Carver v. Jackson,*

4 Pet., 1 (pp. 83-88). In this action, Samuel Hudson was the original defendant; he died pending the suit and his widow and only heir-at-law were made parties, they claim as privies to the title of Samuel Hudson—not by any adverse or paramount title. And we think it is clear, from the authorities cited, they are estopped—as Samuel Hudson was estopped—by the recitals in the deed, by the entry on the record of satisfaction of the mortgage deed as a recognition of Harris' title and his conveyance to Dixon & Bro. of the land. The right of the widow of Samuel Hudson to dower is preserved to her in the judgment of his Honor. Having carefully examined the other exceptions taken at the trial, we do not think they can be sustained. Finding no reversible error, the judgment is affirmed.

No error.