JOHN T. MILLS ET AL. v. DUNSTAN TRAYLOR ET AL.

Neither prior nor subsequent incumbrancers, who are not parties to a proceeding to foreclose a mortgage, are bound by the decree. (Paschal's Dig., Art. 4675, Notes 1061, 536.)

The facts in this case are similar to those decided in Darby v. Graham, 12 Tex., 427, and the same principle is decided.

If in any case the mortgagee, in an action of trespass to try title, may recover the lands mortgaged before foreclosure, it must be upon allegation and proof of such facts as would entitle him to a decree foreclosing the equity of redemption, and a refusal or neglect of the purchaser of the property to discharge the mortgage debt, after being advised of it.

Where a deed of trust recites that the beneficiary had paid certain debts as the grantor's surety, the amounts of which he would not give, and he authorized the trustee to sell to satisfy such as had been paid and should be presented to the grantor, and the trustee sold, but there was no proof that there really was any indebtedness, nor that the beneficiary had ever presented any claim as having been paid by him, there was no authority established to sell.

APPEAL from Titus. The case was tried before Hon. WILLIAM S. TODD, one of the district judges.

This suit was instituted by appellants, Mills, Ward, & West, to recover one thousand seven hundred acres of land. Plea of not guilty filed by defendants.

The intervenor, Frances, claimed three hundred and twenty acres of the land in controversy out of that portion .claimed by defendant, Traylor, to which plea of intervention Traylor demurred, plead the general issue, and not guilty.

Upon the trial of said cause, plaintiffs read the patent for the land to W. H. Vining, and mortgage from Vining to plaintiffs, recorded November, 1851, in Titus county; also a judgment of the district court of Red River county against the administrator of Vining, in favor of plaintiffs, for the debt secured by mortgage; also, a certified copy of proceedings in the county court of Red River county, by plaintiffs, against the administrator of Vining, to foreclose said mortgage, the order of sale under said mortgage, and the order of the said county court confirming said sale; also, a deed from the administrator of Vining to plaintiffs, under said sale, dated October, 1855.

Defendant, Traylor, read as evidence a deed from said Vining and wife for eight hundred and ninety-eight acres of said land, dated 18th December, 1853, recorded in Titus county on the 15th of January, 1854. Defendant, L. D. Stephens, read as evidence a deed for eight hundred and seventy-nine acres of said land from said Vining and wife, dated 30th September, 1853, and recorded in Titus county 7th December, 1853, with the relinquishment of plaintiff, Ward, indorsed thereon, relinquishing to Stephens all rights to the land conveyed to said Stephens. It was admitted that defendants, Traylor and Stephens, went into possession of said lands soon after the date of their deeds.

Frances, intervenor, then read as evidence a deed of trust from said Vining to Amos Morrill, trustee, for three hundred and twenty acres of said land, to secure the pay-

ment of an amount that said Frances represented that he had been compelled to pay for said Vining, as his security as sheriff, in the State of Alabama, reciting that said Frances did not know what amount was then due him from said Vining, and that, if said Vining shall pay or cause to be paid to said Frances or Morrill all such claims as said Frances, as security, had been compelled to pay for said Vining, before the 18th of January, 1841, provided said claims be presented to said Vining for payment by said Frances or his attorney, then the said deed to be void, otherwise said Morrill was to sell said land, and apply the proceeds to the payment of said claims: said deed recorded June, 1842, in Red River county. Also, read a deed from Morrill, trustee of said three hundred and twenty acres of land, to said Frances, dated October 13, 1843, recorded in Titus county 19th February, 1850. Said deed does not state that the provisions in said deed of trust were ever complied with in presenting the claims to said Vining before sale was made under the same. Morrill, witness for Frances, testifies that he made the sale, but does not recollect whether the proviso aforesaid was complied with in said sale, but supposed he incorporated all that was done in executing the trust in his deed to Frances. And J. C. Hart testified that he heard Vining say, after the date of the deed to Frances, that he was indebted to Frances, and that he had conveyed the land to secure the payment of the same.

There were verdict and judgment for defendants; motion for new trial overruled; and plaintiffs and intervenor gave notice of appeal.

The appellants assign for error: First, the court erred in its charge to the jury; second, the verdict is contrary to the evidence.

The charge of the court is substantially this: That the trustee, in his deed to Frances, did not recite fully that he had complied with the provisions of the deed of trust, and

therefore Frances must show by other evidence that the trustee did fully comply. If the statement in the charge is correct, that the trustee did not fully comply with the deed of trust in the execution thereof, then the charge is clearly correct. The deed of trust requires, that whatever claims Frances might find to be due him should first be presented to Vining for payment, before any sale could be made, and that the sale should be advertised thirty days. Neither of these provisions in the deed to Frances are stated to have been complied with, which will clearly appear from the deed. The court below might even have charged, that no evidence had been introduced to prove that these provisions had been complied with, for the reason that Frances had not alleged in his pleadings that said provisions had been complied with by the trustee in making the sale to Frances.

No brief for appellant has been furnished to the *Reporter*.

*S. H. Morgan,* for appellee.—The plaintiffs cannot object to the charge, for it does not refer to that branch of the case. The second assignment is equally untenable. The evidence shows conclusively that Frances was not entitled to a verdict. He must show that he has complied with the provisions of the deed of trust before he would be entitled to a verdict, and, as the pleadings now stand, that fact could not be shown; hence the verdict is correct as to him.

As to the plaintiffs, the verdict is equally correct. The evidence of plaintiffs consists of a mortgage dated in 1851, and the foreclosure and sale to them in October, 1855. Before the foreclosure of the mortgage, Vining had sold his entire interest to defendants, their deed was upon record in Titus county, and they in possession of the land; all of which facts were known to plaintiffs. Notwithstanding this, plaintiffs brought suit against Vining's estate, when they knew that said estate had no interest in the land, and

that the whole interest had vested in defendants. Hence, they could not acquire any title to said land by such proceeding, as Vining had no interest in the land, and then defendants were not parties to the suit of foreclosure, and the deed of plaintiffs, so far as defendants are affected, is an absolute nullity. (Buchanan v. Monroe, 22 Tex., 537.)

DONLEY, J.—The appellees were no parties to the suit of appellants to foreclose the mortgage given by Vining to appellants to secure them in the repayment of such moneys as they were compelled to pay as the sureties of Vining, and cannot be bound by that proceeding. It is said, in Hall v. Hall, 11 Tex., 547, "All persons having an interest in the equity of redemption should be made parties to a bill to foreclose. If such incumbrancers, whether prior or subsequent, are not made parties, the decree of foreclosure does not bind them, as also a decree of sale would not. The prior incumbrancers are not bound, because their rights are paramount to those of the foreclosing party. The subsequent incumbrancers are not bound, because their interest would otherwise be concluded, without an opportunity to assert or protect them."

In the case now under consideration, the lands were sold to the appellees subsequent to the mortgage to appellants; and it may be held, that the appellees took the property subject to that incumbrance. They should, however, not have been precluded or affected by a proceeding had in their absence and without notice. The appellees were not present on the hearing of the application to foreclose and decreeing the property to be sold; and on the trial of this cause the question is not presented by the pleadings or the facts upon which the decree of the court foreclosing the mortgage was founded.

Duty v. Graham, 12 Tex., 427, was an action of trespass to try title, in which the plaintiff relied on a mortgage from John J. Vining to secure the payment of a sum of money.

The defendant claimed by purchase from the heirs of Vining; and it was held, that the mortgagee was not entitled to recover.

The facts of this case are similar to those in the case above cited. If in any case the mortgagee, in an action of trespass to try title, may entitle himself to recover the lands mortgaged before a foreclosure, it must be upon allegation and proof of such facts as would entitle him to a decree foreclosing the equity of redemption, and a refusal or neglect on the part of the purchaser of the property to discharge the mortgage debt after being advised of it. It is not here necessary to decide that question. Judgment was properly rendered, on the evidence in this case, in favor of the defendants as against the plaintiffs. ·

The trustee for the intervenor was not to sell the land until the claims of the beneficiary in the trust deed had been presented to the grantor for payment. The debt to secure which the trust deed was given is not stated in the deed; nor does it anywhere appear that Vining, the grantor, was owing anything whatever to Frances, for whose benefit the trust deed was executed, at the time of the sale by the trustee. The deed recites that Vining, the grantor, had been informed by Frances, the beneficiary in the trust deed, that he, as the surety of Vining, had paid an amount of money for Vining, and that, being desirous of paying all his debts, and Frances not knowing the exact amount, the deed of trust was made, and stipulated that Vining should pay such claims as Frances had been compelled to pay as the surety of Vining, provided that said claims should be presented to said Vining for payment. The object of requiring the claims to be presented to Vining was, that he might be informed of the claims which Frances had paid as his surety, and might have an opportunity of paying to Frances such amounts as he had paid for Vining, and were due to Frances at the time of the sale, and discharging the incumbrance from the land.

It not appearing from the evidence that Vining was owing Frances any amount whatever at the time the land was sold by the trustee, nor that Vining had any notice of any amount alleged to be owing by him to Frances, or that he had any notice of the sale by the trustee, there could be no authority for the trustee to sell. The existence of the debt, and notice thereof to Vining, was necessary to authorize the trustee to sell the land.

If there were no debts owing by Vining, the trustee had no authority to sell, and his deed could not operate to pass any title to the purchaser. There is no error in the charge of the court of which the intervenor can complain. We have said that to authorize the trustee to sell the land under the trust deed, Vining, in fact, must have been owing a debt to the beneficiary in the deed. No debt is stated in the trust deed. The court authorized the intervenor to show by other evidence the existence of said debt, if any such there was. There is no error in the judgment, and it is

AFFIRMED.