# HIRAM ROGERS

## *vs.*

# THOMAS HOLYOKE.

An action brought for the foreclosure of a first mortgage upon real estate, does not affect the rights of a junior mortgagee holding a second mortgage upon the same premises, if he is not made a party to such action, and the only rights acquired by the purchaser of the mortgaged premises at the sale under the decree in such action, as against the second mortgagee, not a party thereto, is the right of a prior lien upon the premises, to the extent of the money due and unpaid on the first mortgage, as if the mortgagee had assigned the mortgage to him without foreclosure.

An action by the purchaser at the foreclosure sale under the first mortgage, brought against junior incumbrancers, who were not parties to such action, to foreclose the equity of redemption under the first mortgage, is, as to the latter, an action for foreclosure *de novo*.

R. having purchased the mortgaged premises from the vendee at the first foreclosure sale, during the pendency of the action brought by such vendee against the junior incumbrancers, who were not parties to the first action, as against such junior incumbrancers, can claim no greater rights than were possessed by his grantor, and having become a purchaser, *pendente lite*, and claiming the benefit of the proceedings in the action, he is bound by them as much as if he had been formally substituted in the action.

A second mortgagee has a right to move the Court, upon cause shown, to set aside a sale made in the action to which he was a party, brought to foreclose the first mortgage.

The plaintiff having bought the premises from the purchaser at the foreclosure sale under the decree in the action on the first mortgage, to which action the defendant, a second mortgagee of the premises, was not a party, as against such second mortgagee, holds the premises as assignee of the first mortgage.

Rogers v. Holyoke.

The plaintiff's claim, being a prior lien, must first be satisfied out of the mortgaged premises. The mere fact therefore that the defendant, in addition to a second mortgage upon the same premises, holds other mortgages executed by the mortgagor at the same time upon other premises, is not a sufficient ground to authorize a court of equity, at the instance of the plaintiff, to require the defendant to exhaust the other securities covered by his mortgages, before resorting to the property embraced both in the plaintiff's mortgage and his own.

In actions for the foreclosure of a mortgage, until the confirmation of the sale, upon the coming in of the report of sale, the proceedings are not complete, and may for good cause be set aside by the Court.

The fact that no report of sale has been made by the sheriff, in an action for the foreclosure of a mortgage, is not sufficient ground for granting an injunction, restraining the defendant from moving to set aside the sale, under the decree of foreclosure in such action.

When in an action to foreclose a mortgage against a junior incumbrancer, the defendant moves to set aside the sale under the decree therein, in the absence of any question which cannot be determined upon the motion to set aside the sale, the Court in which that matter is pending, should not be called upon by a person who is or may become a party to such action, in a new and separate action to enjoin the proceeding.


This action was commenced in the District Court for Ramsey county. The facts, as alleged in the complaint, are substantially as follows :—In April, 1856, one D. A. Robertson was the owner of certain real estate in the city of Saint Paul. The plaintiff afterward went into possession of the same as lessee, under two separate leases for a long term of years ; one executed by said Robertson to other parties and transferred to him, and one executed by said Robertson to him, both of which were duly recorded. The plaintiff under said leases has erected large, expensive and permanent buildings on said premises, and is still in possession thereof, having performed all the covenants of the leases on his part. Said Robertson, after the execution of said leases on the 17th day of October, 1857, mortgaged said premises

vol. xiv.—15

to one Robert Whitaker, and the mortgage was duly recorded. This mortgage was afterwards foreclosed by suit against said Robertson and wife in the U. S. District Court, and the decree entered at the June Term, 1861. Said premises, with other real estate in West St. Paul, covered by said mortgage, and included in said decree, were sold under the same, on the 28th December, 1862, to John M. Gilman, and the sale was duly confirmed, and a deed executed. On the 17th day of June, 1866, said Gilman conveyed all of the premises so purchased, by warranty deed, to the plaintiff. On the 1st day of August, 1859, said Robertson and wife executed to defendant a second mortgage on the premises covered by the Whitaker mortgage, to secure a pretended debt of $8000, which was duly recorded. While said Gilman held said premises under said sale, and before his conveyance of the same to the plaintiff, he commenced an action in the District Court of Ramsey county, against said Holyoke, and Napier and Brodie, who were judgment creditors of said Robertson at the time of the foreclosure of the Whitaker mortgage, alleging in his complaint his interest in said premises, the liens of the said parties thereon, and that they were not parties to said foreclosure, and demanding that they pay the amount found due in said decree, or be forever barred, and foreclosed of all equity of redemption in and to said mortgaged premises. The defendant Holyoke appeared in said action, and a decree was entered therein by consent, fixing the amount due said Gilman as purchaser upon the foreclosure of the Whitaker mortgage, and directing said premises to be sold by the sheriff of Ramsey county, and that the proceeds be first applied to the payment of the amount so found due said Gilman, and the balance be brought into court to abide its order. The judgment in favor of said Napier & Brodie

has since been satisfied. On the day of the execution of the Holyoke mortgage and thereafter said Robertson and wife executed six other mortgages to secure in the aggregate the payment of $37,000 and interest to said Holyoke, and covering various other parcels of real estate. Only about $4500 was actually advanced by Holyoke to Robertson, and the said mortgages were executed fraudulently, for the purpose of covering said Robertson's property, and placing it beyond the reach of his creditors. A transcript of the decree in the case of Gilman *vs.* Holyoke and others, was delivered to said Robertson, who was then sheriff of Ramsey county. Said Robertson fraudulently, and acting collusively with said Holyoke, neglected to post and publish proper and legal notices of the sale thereunder, and refused to make a report of the same when made. Said Holyoke by himself, or his agent, said Robertson, or his attorney, knew of the sale, and consented thereto, and his attorney was present. The sale was in all respects fairly conducted, and said Gilman was the purchaser. Afterwards, and before any report of the sale was filed, said Robertson and Holyoke on application upon affidavits procured an order requiring said John M. Gilman to show cause why said sale should not be set aside and a re-sale ordered; which application was based upon the ground that notices of the sale had not been posted as required by law, that the property sold for less than it was worth, and that on a re-sale Holyoke would bid much more. A hearing upon the said order to show cause was had, and the matter submitted to the court, but was still held under advisement, and undetermined. Said motion or application was made solely for the benefit of said Robertson.

The said Holyoke, though not a party to the suit to foreclose the Whitaker mortgage, yet after the sale to Gilman

was repeatedly urged to redeem the property, by paying the purchase price and interest, which he refused to do.

The plaintiff asked that the title in said property conveyed by said Gilman to him, be decreed to be in him, free from the Holyoke mortgage, and that an injunction issue, restraining further proceedings to set aside the sale, under the decree in the suit against Holyoke and others.

Upon this complaint an order was issued, requiring the defendant to appear and show cause why the injunction prayed for should not be granted. A hearing on this order to show cause was had upon the complaint, and the answer of the defendant which was filed. The answer, among other things, admitted the execution of the several leases and mortgages alleged in the complaint, and the proceedings in the two several actions alleged, denied all fraud, and all collusion of defendant with said Robertson, averred that the several mortgages executed by Robertson and wife to defendant, were executed in good faith, and for the consideration expressed therein respectively ; denied that the motion to set aside the sale alleged in the complaint was made by defendant and said Robertson, or that it was made in the interest, or at the instigation, or for the benefit of said Robertson, and averred that it was made by defendant alone, as one of the defendants in the suit of Gilman against him and others, in such action, and for the sole purpose of securing his legal rights therein.

The Court below refused to grant the injunction prayed for, and the plaintiff appeals from the order refusing the same to this Court.

BRISBIN & PALMER for Appellant.

H. J. HORN for Respondent.

Rogers v. Holyoke.

*By the Court*—McMILLAN, J.—The answer of the defendant we think contains a substantial denial of all the allegations of fraud or bad faith on the part of the defendant Holyoke, contained in the complaint.

The defendant Holyoke having the second lien upon the premises by virtue of his mortgage, and not being a party to the foreclosure action commenced by Whitaker on his mortgage in the United States Court, was wholly unaffected by the proceedings in that action, and as against Holyoke, the only right acquired by Gilman as purchaser at that sale, was the right to a prior lien upon the premises, to the extent of the money due and unpaid on the Whitaker mortgage, in the same manner as if Whitaker had assigned that mortgage to him, without foreclosure. *Vanderkemp vs. Shelton*, 11 *Paige*, *N. Y.*, 28; *Astor vs. Miller*, 2 *ib.* 68; *Bartlett vs. Gale*, 4 *ib.* 507; *Benedict vs. Gilman, ib.* 61.

The action by Gilman in the State court against Holyoke, and Napier & Brodie as junior incumbrancers, was, as to them, an action for foreclosure *de novo*. It was brought by Gilman for the express purpose of foreclosing the equity of redemption of Holyoke under his mortgage, and in the pleadings therein this mortgage is set up as an existing incumbrance, and subsequent lien. It appears by the recitals in the decree in that action, that the parties all being in Court, and represented by counsel, by consent and agreement of counsel for the respective parties, it was found that the allegations in the complaint were true, and the decree settles the amount due the plaintiff on the Whitaker mortgage, orders a sale of the premises, and payment from the proceeds thereof; 1st, the costs of the sale, and of the action; 2d, the amount due the plaintiff; the balance, if any, to be brought into Court, to abide its further order.

Rogers having purchased of Gilman during the pendency

of the action in the State court, as against Holyoke, can claim no greater rights than were possessed by Gilman, his grantor. Having by his own showing become a purchaser *pendente lite*, it became necessary for him, in order that the action might be continued, to apply for leave to become a party to this action, either by substitution, or by prosecuting it in the name of Gilman. *Chisholm vs. Clitheral et al.* 12 *Minn.*, 375. The action having been prosecuted in the name of Gilman to a decree and sale, after the purchase by Rogers, the latter claiming as he does the benefit of the proceedings in the action in the State court, is bound by them, as much as if he had been formally substituted. Therefore, as Rogers relies upon the validity of the decree in the action of Gilman against Holyoke to sustain the sale, he cannot be permitted to deny the facts upon which the decree is based, among which are the validity of the defendant Holyoke's mortgage as a subsequent lien on the premises, and his equity of redemption thereunder.

As Holyoke had the second lien upon the premises by virtue of his mortgage, the surplus proceeds of the sale of the premises after satisfying the Whitaker mortgage, and costs, constitute the primary fund applicable to the payment of his mortgage.

In the protection of this interest, he has a right to move the court upon cause shown to set aside the sale. Independent of the question of fraud in the mortgages from Robertson to Holyoke, and the sale under the decree in the Gilman suit, there are not allegations of new matter in this complaint sufficient to entitle the plaintiff to a decree vesting the property in him. If the views we have expressed are correct, the plaintiff as the vendee of Gilman takes, as against Holyoke, as assignee of the mortgage to Whitaker, not as a *bona fide* purchaser of the premises. Whatever may

be the law under other circumstances, in this case, the plaintiff's claim being a prior lien, must first be satisfied out of the mortgaged premises; the mere fact, therefore, that other mortgages to a large amount were executed by Robertson to Holyoke, embracing other premises which are still held by the defendant Holyoke, would not be a sufficient ground to authorize a court of equity, at the instance of the plaintiff, to require Holyoke to exhaust the other securities covered by his mortgages, before resorting to the property embraced in the mortgage involved in this action, for the claim of the plaintiff must be first satisfied, and subject to this claim of the plaintiff, the defendant has a right to have his mortgage satisfied out of the same premises. There are no averments in the complaint that the other property covered by the mortgage to Holyoke, is sufficient to pay the incumbrances; which, under any circumstances, we apprehend would be necessary to qualify the equity of the defendant in the premises.

Until the confirmation of the sale, upon the coming in of the report of sale, the proceedings are not complete, and the sale may be set aside, for cause, by the court. *Gen. Stat., Ch.* 81, *Tit.* 2, § 29, *p.* 566. Certainly the rights of the plaintiff, as lessee of the premises, could not be affected by the sale to Gilman under the decree of the State court, until the confirmation of the sale, and under the purchase from Gilman, we have seen, the plaintiff acquired only the right of a prior incumbrancer as against the defendant Holyoke.

The fact that no report of sale has been made by the sheriff, will not be sufficient ground for granting the temporary injunction, since if that is an objection to the proceedings, it is one upon which the court below may be called upon to pass, and the presumption is, that it will be prop-

erly determined; and besides, as it is not an objection which is addressed to the discretion of the court, but one which goes to the jurisdiction of the court, error, if committed, can be relieved against. *Gen. Stat., Ch.* 81, *Tit.* 2, § 29, *p.* 566.

If the plaintiff is not a party to the action brought by Gilman against Holyoke, he certainly can become so, and in the absence of any question which cannot be determined upon the motion to set aside the sale made in that action, we are unable to see why the court in which that matter is pending, being a court of equity, should be called upon by a new, and separate action, to enjoin the proceeding.

We think the application for the injunction was properly denied.

The order denying the injunction is affirmed.