Gould *v.* Wheeler.

JULIA D. W. GOULD

*v.*

SAMUEL W. WHEELER.

1. On bill to foreclose a first mortgage on lands, the holders of all encumbrances existing at the time of commencing the suit, must be made parties.

2. Where it appeared on the final hearing that a mortgagee whose encumbrance was subsequent to that of the complainant was not a party, the suit was stayed to bring him in.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. S. C. Mount,* for complainant.

*Mr. W. H. Corbin,* for defendant, Montague.

THE CHANCELLOR.

The interest has been paid on the mortgage up to the 1st of April, 1875. The bill was filed on the 13th of February, 1877. There were, therefore, then due on the mortgage $84, which had been due for more than thirty days, and the complainant declared her election that the principal, of which $800 were unpaid, should become due. According to the terms of the mortgage, the unpaid principal thereupon became due. The complainant would be entitled to a decree of foreclosure and sale, but for the fact that it appears by her bill that there is a subsequent encumbrancer, a mortgagee, who is not made a party to the suit. That mortgagee is a necessary party. A mortgagee who comes into court for foreclosure and sale of the mortgaged premises, is not at liberty to omit, as parties to the proceedings, those who hold encumbrances subsequent to his own. The general rule is, that the holders of all encumbrances existing at

the time of commencing the suit must be made parties. *Story's Eq. Pl.*, § 193; *Ensworth* v. *Lambert*, 4 *Johns. Ch.* 605; *Adams* v. *Paynter*, 1 *Col. C. C.* 530; 1 *Fisher on Mortgages* 554, 555, 556. It is true, that if they be not made parties, the proceedings are of no avail as against them, but that is no reason for making a suit for foreclosure and sale of mortgaged premises an exception to the general rule of equity, which requires that all persons in interest be parties to the suit. It is manifestly unjust to all persons interested in the proceeds of the sale of the mortgaged premises, that the sale be made subject to an outstanding right to redeem, for that invariably and inevitably prejudices the sale. The bill must be amended by making the holder of the mortgage given by Stewart (the third mortgage) a party, and he must be brought into court, and the cause be proceeded in regularly as against him. In the meantime the suit will be stayed.