In 1922 Joseph Stern executed and delivered to complainant his bond secured by mortgage covering property in Newark and thereafter, by several mesne conveyances, the mortgaged premises were conveyed to Stanley-Fabian Company. In 1929 Stanley-Fabian Company conveyed to City Investment Company, subject to complainant's mortgage and to a covenant, created by said grantor, restricting the use of the property. In 1930 City Investment Company conveyed to *Page 386 
B. Holding Company and took back a second and purchase-money mortgage. B. Holding Company conveyed to Abe Papier subject to the two mortgages and the restrictive covenant. The complainant filed its bill in this cause to foreclose its mortgage and made Stern, Stanley-Fabian Company, City Investment Company, B. Holding Company and Papier, party defendants. Stanley-Fabian Company answered the bill and by counter-claim, exhibited against complainant alone, set up its restrictive covenant as of great value to it and alleged that it was advised that the purchaser at the foreclosure sale would take title free and clear of said restriction to said defendant's damage and also that it might be liable for a possible deficiency on foreclosure sale; for those reasons it prayed that complainant be decreed to assign its mortgage to said defendant upon payment of the amount due thereon, or in the alternative, that upon making such payment said defendant be subrogated to complainant's rights. After a hearing on the issues, an order was entered upon said counterclaim that complainant deliver to Stanley-Fabian Company its bond and mortgage uncanceled and that said defendant be subrogated to all of complainant's rights therein, upon condition that Stanley-Fabian Company pay complainant the amount due it, with costs. The complainant was paid and delivered its bond and mortgage to Stanley-Fabian Company and that defendant now presents a final decree (and on notice to the defendants, applies to have the same entered), adjudging the amount due Stanley-Fabian Company as subrogee under complainant's mortgage and the amount due City Investment Company under its mortgage, ordering sale of the mortgaged premises to pay the respective amounts and foreclosing the equity of redemption of all defendants when such sale is made.
The proposed decree, in the recital part, states that the mortgage of City Investment Company is subject to the restrictive covenant in the deed to that company from Stanley-Fabian Company and while it is not proposed to specifically so decree, such recital is objectionable because it is not justified by the pleadings or evidence. The bill of complaint does *Page 387 
not contain a prayer for such a decree, nor does the defendant's counter-claim, nor was any evidence on this point presented at the hearing of the cause. The question of the validity of said covenant has not been raised, is not in issue, and is still open to City Investment Company and the present owner of the property to litigate, should occasion arise; therefore, the proposed recital has no place in a final decree in this cause.
The proposed decree provides that sale be made of the mortgaged premises subject to said restrictive covenant. Such a decree would not have been granted complainant had it been prayed for in its bill. Stanley-Fabian Company was subrogated to only those powers and rights which complainant had and the relief to be granted it cannot extend beyond that to which complainant would have been entitled. Complainant's mortgage covered the entire property and its bill prayed for sale of all that the mortgage covered. The conveyance to Stanley-Fabian Company was of the interest the mortgagor had remaining after his mortgage to complainant and that interest Stanley-Fabian Company conveyed away, attempting, however, to charge such interest with a restrictive covenant for the benefit of other property in which it was and is concerned. When complainant filed its bill it was required to bring into court every subsequent mortgagee and encumbrancer in order that their rights might be established, disposed of by decree and their liens transferred from the property to the proceeds of sale. This is the universal practice. Upon such bill a decree is entered and a sale made which vests in the purchaser all rights and equities of the parties, complainant and defendant. Mount v. Manhattan Co., 43 N.J. Eq. 25;affirmed, 44 N.J. Eq. 297; Baldwin v. Howell, 45 N.J. Eq. 519,537; Champion v. Hinkle, 45 N.J. Eq. 162; Boorum v. Tucker,51 N.J. Eq. 135; Wimpfheimer v. Prudential Insurance Co.,56 N.J. Eq. 585; Krich v. Zemel, 99 N.J. Law 191. A complainant in foreclosure may not omit, as a party to his proceeding, one who holds a subsequent encumbrance, because such an omission prejudices the sale. Gould v. Wheeler, 28 N.J. Eq. 541. The complainant *Page 388 
herein followed the proper procedure by making Stanley-Fabian Company a defendant because of its interest in the restrictive covenant and in the regular course of procedure the restriction would be cut off and the purchaser at foreclosure sale would take title unencumbered by it, but Stanley-Fabian Company would reverse the orderly procedure and give the covenant priority over the purchaser's title. Stern, the maker of the bond and mortgage and all grantees in the chain of title from him, who by their deeds assumed payment of the mortgage, are vitally interested in seeing that there is no deficiency at the foreclosure sale and Papier, the owner of the equity of redemption, is interested in a surplus. As against these parties, Stanley-Fabian Company has no right to ask that only a part of the mortgaged premises be sold to satisfy the whole debt and that the defendant's right of redemption be foreclosed as against the balance of the mortgaged premises which Stanley-Fabian Company desires to retain for itself. To sell property subject to any restriction as to its use, usually affects its sale price. On the mortgaged land is a theatre building and the restriction with which we are concerned provides, in effect, that the mortgaged premises shall never be used for the exhibition of motion pictures, nor (after the present building is demolished or substantially altered) for theatrical performances, without the consent of Stanley-Fabian Company. To decree that property adapted for theatre purposes shall be sold with a prohibition against such use would, under the facts of this case, be not only contrary to established foreclosure practice but would seriously affect the rights and liabilities of parties to this suit. *Page 389